Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (jsoos@saiber.com)
Jakob B. Halpern (jhalpern@saiber.com)
**SAIBER LLC**
One Gateway Center
10th Floor, Suite 1000
Newark, NJ 07102
Tel: (973) 622-3333
Fax: (973) 286-2465

Matthew J. Becker (mjb@avhlaw.com)
Chad A. Landmon (cal@avhlaw.com)
Jason T. Murata (jtm@avhlaw.com)
Jonas S. Zikas (jsz@avhlaw.com)
Nike V. Agman (nva@avhlaw.com)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, CT 06103
Tel: (860) 275-8100
Fax: (860) 275-8101

Attorneys for Defendants
Actavis Elizabeth LLC and Actavis, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                                    )
DEPOMED, INC.                                       )
                                                    )
        Plaintiff,                                  )
                                                    )
              v.                                    )        Civil Action No. 3:12-cv-01358
                                                    )        JAP-TJB
ACTAVIS ELIZABETH LLC, ACTAVIS, INC.,               )
WATSON LABORATORIES, INC. – FLORIDA,                )        **(Filed Electronically)**
INCEPTA PHARMACEUTICALS CO. LTD. and                )
ABON PHARMACEUTICALS, LLC                           )
                                                    )
        Defendants.                                 )
_____)


## ACTAVIS ELIZABETH LLC'S AND ACTAVIS, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendants Actavis Elizabeth LLC ("Actavis Elizabeth") and Actavis, Inc. (now "Actavis LLC") (collectively "Actavis") answer the Fourth Amended Complaint of Plaintiff Depomed, Inc. ("Depomed") as follows in like numbered paragraphs:

1.      Admitted, upon information and belief.

2.      Admitted that Actavis, Inc. was formerly a corporation that was organized and existed under the laws of the State of Delaware, having a place of business at 60 Columbia Road, Building B, Morristown, New Jersey 07960.  Averred that, on December 28, 2012, Actavis, Inc., which Depomed named as a defendant in its initial Complaint, filed a Certificate of Conversion from a Corporation to a Limited Liability Company pursuant to Section 18-214 of the Limited Liability Act with the State of Delaware, changing the name of Actavis, Inc. to "Actavis LLC" effective January 1, 2013.[1]

3.      Admitted that Actavis Elizabeth was a wholly-owned subsidiary of Actavis, Inc., now "Actavis LLC," and was organized and existing under the laws of Delaware, with a place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202.  Actavis incorporates by reference its answer to paragraph 2.  Averred that Actavis Elizabeth is now a wholly-owned subsidiary of Actavis LLC.  Denied as to the remainder of the allegations.

4.      The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 4, and leaves Depomed to its proof.

5.      The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 5, and leaves Depomed to its proof.

---

[1] Actavis' Motion to Substitute Actavis LLC as the Proper Party in Place of Actavis, Inc. (ECF No. 147) is currently pending.

6.      The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 6, and leaves Depomed to its proof.

7.      The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 7, and leaves Depomed to its proof.

8.      The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 8, and leaves Depomed to its proof.

9.      Admitted that a claim for patent infringement is asserted under the Patent Laws of the United States, Title 35, and that subject matter jurisdiction is appropriate under 28 U.S.C. §§1331 and 1338(a) with respect to United States Patent Nos. 6,340,475 ("the '475 patent"), 6,635,280 ("the '280 patent"), 7,438,927 ("the '927 patent"), 7,731,989 ("the '989 patent"), 8,192,756 ("the '756 patent"), 8,252,332 ("the '332 patent") and 8,333,992 ("the '992 patent") (together with United States Patent No. 6,488,962 ("the '962 patent"), "the patents-in-suit"). Denied as to the remainder of the allegations.

10.     Actavis does not contest personal jurisdiction in this judicial district for the limited purpose of this action with respect to the patents-in-suit.  Denied as to the remainder of the allegations.

11.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 11, and leaves Depomed to its proof.

12.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 12, and leaves Depomed to its proof.

13.     Actavis does not contest venue in this judicial district for the limited purpose of this action with respect to the patents-in-suit.  Denied as to the remainder of the allegations.

14.     Admitted that the '475 patent on its face identifies Depomed as the assignee, is entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode" and that the issue date January 22, 2002 is printed on the face of the patent.  Further admitted that a copy of the '475 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

15.     Admitted that the '962 patent on its face identifies Depomed as the assignee, is entitled "Tablet Shapes to Enhance Gastric Retention of Swellable Controlled-Release Oral Dosage Forms" and that the issue date December 3, 2002 is printed on the face of the patent. Further admitted that a copy of the '962 patent is attached to the Fourth Amended Complaint. Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

16.     Admitted that the '280 patent on its face identifies Depomed as the assignee, is entitled "Extending the Duration of Drug Release Within the Stomach During Fed Mode" and that the issue date October 21, 2003 is printed on the face of the patent.  Further admitted that a copy of the '280 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

17.     Admitted that the '927 patent on its face identifies Depomed as the assignee, is entitled "Methods of Treatment Using a Gastric Retained Gabapentin Dosage" and that the issue date October 21, 2008 is printed on the face of the patent.  Further admitted that a copy of the '927 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

18.     Admitted that the '989 patent on its face identifies Depomed as the assignee, is entitled "Gastric Retained Gabapentin Dosage Form" and that the issue date June 8, 2010 is printed on the face of the patent.  Further admitted that a copy of the '989 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

19.     Admitted that the '756 patent on its face identifies Depomed as the assignee, is entitled "Gastric Retained Gabapentin Dosage Form" and that the issue date June 5, 2012 is printed on the face of the patent.  Further admitted that a copy of the '756 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

20.     Admitted that the '332 patent is entitled "Gastric Retained Gabapentin Dosage Form" and that the issue date August 28, 2012 is printed on the face of the patent.  Further admitted that a copy of the '332 patent is attached to the Fourth Amended Complaint.  On information and belief, the '332 patent is assigned to Depomed, Inc.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

21.     Admitted that the '992 patent on its face identifies Depomed as the assignee, is entitled "Gastric Retained Gabapentin Dosage Form" and that the issue date December 18, 2012

is printed on the face of the patent.  Further admitted that a copy of the '992 patent is attached to the Fourth Amended Complaint.  Actavis is without sufficient knowledge to admit or deny the remainder of the allegations and, therefore, denies the same.

22.     Actavis is without sufficient knowledge to admit or deny the allegations and, therefore, denies the same.

23.     Admitted, on information and belief, that Depomed caused the '475 patent, the '962 patent, the '280 patent, the '340 patent, the '927 patent, the '989 patent, the '756 patent, the '332 patent, and the '992 patent to be listed in the Orange Book for Gralise® in the 300 mg dosage strength.  Denied as to the remainder of the allegations.

24.     Admitted, on information and belief, that Depomed caused the '475 patent, the '962 patent, the '280 patent, the '340 patent, the '927 patent, the '989 patent, the '756 patent, the '332 patent, and the '992 patent to be listed in the Orange Book for Gralise® in the 600 mg dosage strength.  Denied as to the remainder of the allegations.

25.     Admitted that Actavis Elizabeth submitted Abbreviated New Drug Application ("ANDA") No. 203611 to the Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of generic gabapentin once-daily tablets in 300 mg and 600 mg dosage strengths ("Actavis Products").  Denied as to the remainder of the allegations.

26.     Admitted that Actavis Elizabeth ANDA No. 203611 contains information demonstrating that the Actavis Products are bioequivalent to Gralise® as required by 21 U.S.C. § 355(j), and Actavis denies any allegations inconsistent with ANDA No. 203611.

27.     Admitted that Actavis Elizabeth submitted ANDA No. 203611 to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of

the Actavis Products in compliance with the relevant laws and regulations. As to the remaining allegations concerning statements contained within ANDA No. 203611, ANDA No. 203611 speaks for itself, and Actavis denies any allegations inconsistent with ANDA No. 203611.

28.     Admitted that Actavis Elizabeth included a Paragraph IV Certification in ANDA No. 203611, certifying that the '475 patent, the '962 patent, the '280 patent, the '340 patent, the '927 patent, and the '989 patent are invalid, unenforceable and/or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of the Actavis Products. Further admitted that Actavis Elizabeth sent a letter, dated January 19, 2012, to Depomed stating that, among other things, ANDA No. 203611 included the Paragraph IV Certification as to these patents. Actavis has insufficient knowledge to admit or deny the remainder of the allegations, and leaves Depomed to its proof.

29.     Admitted that Actavis Elizabeth amended ANDA No. 203611 to include a Paragraph IV Certification certifying that the '756 patent is invalid, unenforceable and/or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of the Actavis Products. Further admitted that Actavis Elizabeth sent a letter, dated June 26, 2012, to Depomed stating that, among other things, ANDA No. 203611 was amended to include a Paragraph IV Certification as to the '756 patent. Actavis has insufficient knowledge to admit or deny the remainder of the allegations, and leaves Depomed to its proof.

30.     Admitted that Actavis Elizabeth amended ANDA No. 203611 to include a Paragraph IV Certification certifying that the '332 patent is invalid, unenforceable and/or will not be infringed by the manufacture, use, offer for sale, sale and/or importation of the Actavis Products. Further admitted that Actavis Elizabeth sent a letter, dated November 16, 2012, to Depomed stating that, among other things, ANDA No. 203611 was amended to include a

Paragraph IV Certification as to the '332 patent.  Actavis has insufficient knowledge to admit or deny the remainder of the allegations, and leaves Depomed to its proof.

31.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 31, and leaves Depomed to its proof.

32.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 32, and leaves Depomed to its proof.

33.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 33, and leaves Depomed to its proof.

34.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 34, and leaves Depomed to its proof.

35.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 35, and leaves Depomed to its proof.

36.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Actavis incorporates by reference its responses above in paragraphs 1-42 as if fully set forth herein.

44.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 44, and leaves Depomed to its proof.

45.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 45, and leaves Depomed to its proof.

46.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 46, and leaves Depomed to its proof.

47.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 47, and leaves Depomed to its proof.

48.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 48, and leaves Depomed to its proof.

49.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 49, and leaves Depomed to its proof.

50.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

58.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 58, and leaves Depomed to its proof.

59.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 59, and leaves Depomed to its proof.

60.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 60, and leaves Depomed to its proof.

61.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 61, and leaves Depomed to its proof.

62.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 62, and leaves Depomed to its proof.

63.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 63, and leaves Depomed to its proof.

64.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

72.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 72, and leaves Depomed to its proof.

73.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 73, and leaves Depomed to its proof.

74.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 74, and leaves Depomed to its proof.

75.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 75, and leaves Depomed to its proof.

76.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 76, and leaves Depomed to its proof.

77.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 77, and leaves Depomed to its proof.

78.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

86.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 86, and leaves Depomed to its proof.

87.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 87, and leaves Depomed to its proof.

88.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 88, and leaves Depomed to its proof.

89.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 89, and leaves Depomed to its proof.

90.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 90, and leaves Depomed to its proof.

91.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 91, and leaves Depomed to its proof.

92.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

100.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 100, and leaves Depomed to its proof.

101.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 101, and leaves Depomed to its proof.

102.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 102, and leaves Depomed to its proof.

103.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 103, and leaves Depomed to its proof.

104.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 104, and leaves Depomed to its proof.

105.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 105, and leaves Depomed to its proof.

106.    Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

114.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 114, and leaves Depomed to its proof.

115.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 115, and leaves Depomed to its proof.

116.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 116, and leaves Depomed to its proof.

117.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 117, and leaves Depomed to its proof.

118.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 118, and leaves Depomed to its proof.

119.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 119, and leaves Depomed to its proof.

120.    Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

128.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 128, and leaves Depomed to its proof.

129.    The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 129, and leaves Depomed to its proof.

130.   The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 130, and leaves Depomed to its proof.

131.   The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 131, and leaves Depomed to its proof.

132.   The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 132, and leaves Depomed to its proof.

133.   The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 133, and leaves Depomed to its proof.

134.   Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Actavis incorporates by reference its responses above in paragraphs 1-35 as if fully set forth herein.

142.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 142, and leaves Depomed to its proof.

143.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 143, and leaves Depomed to its proof.

144.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 144, and leaves Depomed to its proof.

145.     The allegations do not relate to Actavis and, therefore, no response is required. To the extent that a response is required, Actavis has insufficient knowledge to admit or deny the allegations in paragraph 145, and leaves Depomed to its proof.

WHEREFORE, Actavis denies that Depomed is entitled to the relief requested in the Fourth Amended Complaint.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer and to its ability to seek and allege any and all defenses not presently known or that are revealed during the course of discovery, Actavis asserts the following separate defenses in response to the Fourth Amended Complaint:

## First Separate Defense

No valid and enforceable claim of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, or the '992 patent is or has been

infringed (either directly, or by contribution or inducement) by any act of Actavis pursuant to 35 U.S.C. § 271(a), (b) or (c).

### Second Separate Defense

Actavis has not infringed and is not infringing any valid and enforceable claim of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, or the '992 patent by Actavis Elizabeth's submission of ANDA No. 203611 pursuant to 35 U.S.C. § 271(e).

### Third Separate Defense

Actavis will not infringe (either directly, or by contribution or inducement) any valid and enforceable claim of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, or the '992 patent by Actavis Elizabeth's commercial manufacture, use, offer for sale, sale and/or importation of the Actavis Products pursuant to 35 U.S.C. § 271(a), (b), (c) or (e).

### Fourth Separate Defense

Each of the claims of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, and the '992 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103 and 112.

## COUNTERCLAIMS

For its counterclaims against Depomed, Inc. ("Depomed"), Actavis Elizabeth LLC and Actavis, Inc. (now "Actavis LLC") (collectively, "Actavis") allege upon knowledge with respect to their own acts, and upon information and belief as to other matters, as follows:

### The Parties

1.      Actavis Elizabeth LLC is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07202.  Actavis Elizabeth LLC is hereafter referred to as "Actavis Elizabeth."

2.      Actavis, Inc. was a corporation under the laws of the State of Delaware, with a principal place of business at 60 Columbia Road, Building B, Morristown, New Jersey 07960. On December 28, 2012, Actavis, Inc. filed a Certificate of Conversion from a Corporation to a Limited Liability Company pursuant to Section 18-214 of the Limited Liability Act with the Secretary of the State of Delaware, changing its name to "Actavis LLC" effective January 1, 2013.  Actavis Elizabeth and Actavis, Inc. (now "Actavis LLC") are hereafter collectively referred to as "Actavis."

3.      On information and belief, Depomed, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business in Menlo Park, California.

### Actual and Justiciable Controversy

4.      The United States Patent and Trademark Office purportedly issued United States Patent No. 6,340,475 ("the '475 patent") on January 22, 2002.  The face of the patent lists John W. Shell, Jenny Louie-Helm, and Micheline Markey as inventors, and Depomed, Inc. as assignee.

5.      The United States Patent and Trademark Office purportedly issued United States Patent No. 6,488,962 ("the '962 patent") on December 3, 2002.  The face of the patent lists Bret Berner and Jenny Louie-Helm as inventors, and Depomed, Inc. as assignee.

6.      The United States Patent and Trademark Office purportedly issued United States Patent No. 6,635,280 ("the '280 patent") on October 21, 2003.  The face of the patent lists John W. Shell, Jenny Louie-Helm, and Micheline Markey as inventors, and Depomed, Inc. as assignee.

7.      The United States Patent and Trademark Office purportedly issued United States Patent No. 7,438,927 ("the '927 patent") on October 21, 2008.  The face of the patent lists Bret Berner, Sui Yuen Eddie Hou, and Gloria M. Gusler as inventors, and Depomed, Inc. as assignee.

8.      The United States Patent and Trademark Office purportedly issued United States Patent No. 7,731,989 ("the '989 patent") on June 8, 2010.  The face of the patent lists Bret Berner, Sui Yuen Eddie Hou, and Gloria M. Gusler as inventors, and Depomed, Inc. as assignee.

9.      The United States Patent and Trademark Office purportedly issued United States Patent No. 8,192,756 ("the '756 patent") on June 5, 2012.  The face of the patent lists Bret Berner, Sui Yuen Eddie Hou, and Gloria M. Gusler as inventors, and Depomed, Inc. as assignee.

10.      The United States Patent and Trademark Office purportedly issued United States Patent No. 8,252,332 ("the '332 patent") on August 28, 2012.  The face of the patent lists Bret Berner, Sui Yuen Eddie Hou, and Gloria M. Gusler as inventors.

11.      The United States Patent and Trademark Office purportedly issued United States Patent No. 8,333,992 ("the '992 patent") on December 18, 2012.  The face of the patent lists Bret Berner, Sui Yuen Eddie Hou, and Gloria M. Gusler as inventors, and Depomed, Inc. as assignee.

12.     On March 2, 2012, the counterclaim-defendant Depomed filed a Complaint in the United States District Court for the District of New Jersey alleging, *inter alia*, infringement of the '475 patent, the '962 patent, the '280 patent, the '340 patent, the '927 patent, and the '989 patent by Actavis.  On March 30, 2012, Depomed filed a First Amended Complaint including the same allegations of patent infringement by Actavis.  On August 10, 2012, Depomed filed a Second Amended Complaint including, *inter alia*, new allegations of infringement of the '756 patent by Actavis.  On September 28, 2012, Depomed filed a Third Amended Complaint removing allegations of infringement of the '340 patent against Actavis and including, *inter alia*, new allegations of infringement of the '332 patent.  On March 6, 2013, Depomed filed a Fourth Amended Complaint including, *inter alia*, new allegations of infringement of the '992 patent by Actavis (together with the '475 patent, the '962 patent, the '280 patent, the '927 patent, the '989 patent, '756 patent, and the '332 patent, the "patents-in-suit").

13.     Actavis Elizabeth submitted Abbreviated New Drug Application ("ANDA") No. 203611 to the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j) seeking approval to engage in the commercial manufacture, use and sale of generic gabapentin once-daily tablets, 300 mg and 600 mg ("Actavis Products") prior to the expiration of the patents-in-suit.

14.     In its Fourth Amended Complaint, Depomed alleges that by Actavis Elizabeth's submission of ANDA No. 203611, Actavis has infringed one or more claims of the patents-in-suit.

15.     In its Fourth Amended Complaint, Depomed seeks an award of damages, including the trebling of such damages pursuant to 35 U.S.C. § 284, for any acts committed by

Actavis with respect to the subject matter claimed in the patents-in-suit other than those expressly exempted by 35 U.S.C. § 271(e)(1).

16.     Actavis asserts herein that no act committed by Actavis, including Actavis Elizabeth's submission of ANDA No. 203611, was or is an infringement of any valid and enforceable claim of the patents-in-suit.

17.     In its Fourth Amended Complaint, Depomed alleges that by Actavis Elizabeth's commercial manufacture, use, offer for sale, sale and/or importation of the Actavis Products, Actavis will infringe one or more claims of the patents-in-suit.

18.     Actavis asserts herein that Actavis Elizabeth's commercial manufacture, use, offer for sale, sale and/or importation of the Actavis Products will not infringe any valid and enforceable claim of the patents-in-suit.

19.     Actavis asserts herein that each of the claims of the patents-in-suit is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

20.     Actual, substantial, and continuing justiciable cases and controversies exist between Actavis and Depomed relating to the alleged infringement of the patents-in-suit, and the damages related thereto, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21.     Actual, substantial, and continuing justiciable cases and controversies exist between Actavis and Depomed relating to the validity of the patents-in-suit, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Jurisdiction and Venue**

22.     This counterclaim arises under the patent laws of the United States,

35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This

Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

23.     Personal jurisdiction over Depomed exists because the counterclaim-defendant

Depomed has submitted to the personal jurisdiction of the Court.

24.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because

the counterclaim-defendant Depomed has submitted to the personal jurisdiction of the Court and

has asserted the '475 patent, the '962 patent, the '280 patent, the '927 patent, the '989 patent, the

'756 patent, the '332 patent, and the '992 patent (collectively, the "patents-in-suit") against

Actavis in this Court.

**First Counterclaim**

25.     No valid and enforceable claim of the '475 patent, the '962 patent, the '280

patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, or the '992 patent is or

has been infringed (either directly, or by contribution or inducement) by any act of Actavis

pursuant to 35 U.S.C. § 271(a), (b) or (c).

**Second Counterclaim**

26.     Actavis has not infringed and is not infringing any valid and enforceable claim of

the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent,

the '332 patent, or the '992 patent by Actavis Elizabeth's submission of ANDA No. 203611

pursuant to 35 U.S.C. § 271(e).

## Third Counterclaim

27.     Actavis will not infringe (either directly, or by contribution or inducement) any valid and enforceable claim of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, or the '992 patent by Actavis Elizabeth's commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Products pursuant to 35 U.S.C. § 271(a), (b), (c) or (e).

## Fourth Counterclaim

28.     Each of the claims of the '475 patent, the '962 patent, the '280 patent, the '929 patent, the '989 patent, the '756 patent, the '332 patent, and the '992 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Actavis respectfully requests this Court to enter judgment for Actavis and against Depomed, and decree:

a)     That the Fourth Amended Complaint be dismissed with prejudice, and that Depomed take nothing in its Fourth Amended Complaint;

b)     That each of the claims of the '475 patent, the '962 patent, the '280 patent, the '927 patent, the '989 patent, the '756 patent, the '332 patent, and the '992 patent are not infringed by any act of Actavis Elizabeth or Actavis, Inc. (now "Actavis LLC"), either alone or collectively;

c)     That each of the claims of the patents-in-suit are invalid;

d)     That this is an exceptional case under 35 U.S.C. § 285;

e)       That Actavis be awarded its costs and attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rule, or the general power of the Court;

f)       That Depomed, its officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with Depomed, be preliminarily and permanently enjoined from using the patents-in-suit to block, hamper, hinder or obstruct FDA approval of the products described in ANDA No. 203611;

g)       That Depomed, its officers, agents, servants, employees, attorneys, successors and any person who acts in concert or participation with Depomed, be permanently enjoined from asserting or otherwise seeking to assert the patents-in-suit against Actavis or anyone in privity with Actavis; and

h)       That Actavis be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Actavis Elizabeth and Actavis, Inc. (now "Actavis LLC") demand trial by jury of all issues triable to a jury.

Dated:  March 20, 2013                    Respectfully submitted,

                                          **SAIBER LLC**
                                          Attorneys for Defendants Actavis Elizabeth LLC
                                          and Actavis, Inc. (now "Actavis LLC")


                                          /s/ Arnold B. Calmann
                                          Arnold B. Calmann (abc@saiber.com)
                                          Jeffrey Soos (jsoos@saiber.com)
                                          Jakob B. Halpern (jhalpern@saiber.com)
                                          One Gateway Center
                                          10th Floor, Suite 1000
                                          Newark, NJ 07102

Matthew J. Becker (mjb@avhlaw.com)
Chad A. Landmon (cal@avhlaw.com)
Jason T. Murata (jtm@avhlaw.com)
Jonas S. Zikas (jsz@avhlaw.com)
Nike V. Agman (nva@avhlaw.com)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, CT 06103

## AMENDED RULE 11.2 CERTIFICATION

I hereby certify that, to the best of Actavis' knowledge, the patents-in-suit are related to the following patent infringement actions pending before the Honorable Joel A. Pisano, U.S.D.J.: Depomed, Inc. v. Zydus Pharmaceuticals (USA), Inc. and Cadila Healthcare Limited, 12-2813 (D.N.J.); and Depomed, Inc. v. Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P. and Rhodes Technologies, 13-0571 (D.N.J.) (U.S. Patent Nos. 6,340,475, 6,635,280 and 6,723,340 only); and that U.S. Patent Nos. 6,340,475, 6,635,280, 6,723,340 and 6,488,962 asserted in this action have also been asserted with respect to Glumetza® (metformin hydrochloride extended release tablets) in Depomed, Inc. v. Watson Laboratories, Inc. – Florida, Actavis, Inc. and Watson Pharma, Inc., 13-0342 (D. Del.); and Depomed, Inc. v. Watson Laboratories, Inc. – Florida and Watson Pharma, Inc., 12-0492 (D. Del.) (U.S. Patent No. 6,488,962 only).


Dated:  March 20, 2013                     Respectfully submitted,

                                           **SAIBER LLC**
                                           Attorneys for Defendants Actavis Elizabeth LLC
                                           and Actavis, Inc. (now "Actavis LLC")


                                           /s/ Arnold B. Calmann
                                           Arnold B. Calmann (abc@saiber.com)
                                           Jeffrey Soos (jsoos@saiber.com)
                                           Jakob B. Halpern (jhalpern@saiber.com)
                                           One Gateway Center
                                           10th Floor, Suite 1000
                                           Newark, NJ 07102

Matthew J. Becker (mjb@avhlaw.com)
Chad A. Landmon (cal@avhlaw.com)
Jason T. Murata (jtm@avhlaw.com)
Jonas S. Zikas (jsz@avhlaw.com)
Nike V. Agman (nva@avhlaw.com)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, CT 06103