ROBINSON, WETTRE & MILLER LLC
Leda Dunn Wettre, Esq.
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
lwettre@rwmlegal.com

OF COUNSEL
MCDERMOTT WILL & EMERY LLP
William G. Gaede, III
Bhanu K. Sadasivan
Shane G. Smith
Evan Boetticher
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone:   (650) 815-7400
Facsimile:   (650) 815-7401

*Attorneys for Depomed, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEPOMED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC, ACTAVIS LLC, INCEPTA PHARMACEUTICALS CO. LTD. and ABON PHARMACEUTICALS, LLC,<br><br>Defendants. | Civil Action No. 3:12-CV-01358 JAP (TJB)<br><br><br><br><br><br>**Honorable Joel A. Pisano** |
| DEPOMED, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA), INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants. | Civil Action No. 3:12-CV-02813 JAP (TJB) |

## REVISED JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

Pursuant to Local Patent Rule 4.3, Plaintiff Depomed, Inc. ("Plaintiff") and Defendants Actavis Elizabeth LLC, Actavis LLC, Incepta Pharmaceuticals Co. Ltd., Abon Pharmaceuticals, LLC, Zydus Pharmaceuticals (U.S.A.), Inc. and Cadila Healthcare Limited (collectively, "Zydus") (collectively, "Defendants") submit this revised joint claim construction and prehearing statement.

## I.      Agreed Upon Claim Constructions.

Pursuant to Local Patent Rule 4.3(a), the constructions of those terms the parties agree upon are attached hereto as Exhibit A.

## II.     Parties' Proposed Constructions of Disputed Claim Terms

Pursuant to Local Patent Rule 4.3(b), each party's proposed construction of each disputed term, evidence relied upon for such constructions, and evidence relied upon to oppose any other party's construction is attached hereto as Exhibit B. Each party incorporates by reference all intrinsic and extrinsic evidence cited in its Opening and Responding Markman Briefs and supporting declarations (ECF Nos. 138, 139, 156, 158, 160-161 in Civil Action No. 12-1358; ECF Nos. 63, 64-66, 84-85, 86-89 in Civil Action No. 12-2813) as if fully set forth herein.

## III.    Identification of Significant Terms

### A.  Joint Statement

Pursuant to Local Patent Rule 4.3(c), the parties identify the following terms as most significant to the resolution of this case:

1.   Dispersed in a single polymer matrix/Dispersed in a single matrix (claim terms 5 and 6)

2.   When swollen in a dimensionally unrestricted manner / swells in an unrestricted manner / swells in a dimensionally unrestrained manner / swells unrestrained dimensionally (as representative of the disputed concepts in claim terms 8-11)

3.   Thereby attaining a size large enough to promote retention in the stomach during said fed mode (as representative of this disputed concept in claim terms 4, and 12-16)

4.    Remains substantially intact (claim term 19)

5.    Administration (as representative of this disputed concept in claim terms 32-34, 37-39 and 49)

### B.  Plaintiff's Statement

Pursuant to Local Patent Rule 4.3(c), Plaintiff further identifies the following terms as also being most significant to the resolution of this case:

1.    Without loss in bioavailability as measured by the area under the curve $(AUC_{infinity})$ as compared to the bioavailability which is achieved from an immediate release dosage form comprising the same dose of gabapentin (claim term 44)

### C.  Defendants' Statement

Defendants do not believe that any of the disputed terms identified in the Joint, Plaintiff's or Defendants' Statement will be case- or claim-dispositive or substantially conducive to promoting settlement.

## IV.    Anticipated Length of Time Necessary for Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(d), the parties anticipate the Claim Construction Hearing will require up to three (3) hours divided equally between the sides.

## V.    Identification of Witnesses at Claim Construction Hearing

Pursuant to Local Patent Rule 4.3(e), the parties do not expect to require any witness during the Claim Construction Hearing.

Respectfully submitted,


Dated:  May 14, 2013                    By:  ___/s/ Leda Dunn Wettre_____
                                             Leda Dunn Wettre
                                             ROBINSON, WETTRE & MILLER LLC
                                             One Newark Center, 19th Floor
                                             Newark, New Jersey 07102
                                             Telephone: (973) 690-5400
                                             Facsimile: (973) 466-2760
                                             Email:  LWettre@rwmlegal.com

                                             William G. Gaede III
                                             Bhanu K. Sadasivan
                                             Shane G. Smith
                                             Evan Boetticher
                                             MCDERMOTT WILL & EMERY LLP
                                             275 Middlefield Road, Suite 100
                                             Menlo Park, CA 94025
                                             Telephone: (650) 815-7400
                                             Facsimile: (650) 815-7401

                                             *Attorneys for Plaintiff Depomed, Inc.*


Dated:  May 14, 2013                    By:  ___/s/ Arnold B. Calmann_____
                                             Arnold B. Calmann
                                             Jeffrey Soos
                                             Jakob B. Halpern
                                             SAIBER LLC
                                             One Gateway Center
                                             10th Floor, Suite 1000
                                             Newark, NJ 07102

                                             Mathew J. Becker
                                             Chad A. Landmon
                                             Jason T. Murata
                                             Jonas S. Zikas
                                             Nike V. Agman
                                             AXINN, VELTROP & HARKRIDER LLP
                                             90 State House Square
                                             Hartford, CT 06103
                                             Tel: (860) 275-8100
                                             Fax: (860) 275-8101

                                             *Attorneys for Defendants*
                                             *Actavis Elizabeth LLC and Actavis LLC*


- 4 -

Dated:  May 14, 2013                    By: /s/ Eric I. Abraham
                                            Eric I. Abraham
                                            Christina L. Saveriano
                                            HILL WALLACK LLP
                                            202 Carnegie Center
                                            Princeton, NJ 08540
                                            Tel: (609) 924-0808
                                            Fax: (609) 452-1888

                                            Michael J. Gaertner
                                            Scott B. Feder
                                            Amanda K. Kelly
                                            Andy J. Miller
                                            LOCKE LORD LLP
                                            111 South Wacker Drive
                                            Chicago, IL 60606
                                            Tel: (312) 443-1890
                                            Fax: (312) 896-6674

                                            *Attorneys for Defendants*
                                            *Zydus Pharmaceuticals (USA), Inc. and Cadila*
                                            *Healthcare Limited*


Dated:  May 14, 2013                    By:    /s/ Valentina Shenderovich
                                            Valentina Shenderovich
                                            SHEPPARD MULLIN LLP
                                            30 Rockefeller Plaza
                                            New York, New York 10112
                                            (212) 653-8700 (phone)
                                            (212) 653-8701 (fax)
                                            vshenderovich @sheppardmullin.com

                                            Bradley C. Graveline
                                            Katie Diggins
                                            SHEPPARD MULLIN LLP
                                            Three First National Plaza
                                            70 West Madison Street, 48th Floor
                                            Chicago, IL 60602

                                            Bridgette A. Agness
                                            SHEPPARD MULLIN LLP
                                            333 S. Hope Street, 43rd Floor
                                            Los Angeles, California 90071
                                            Telephone: (213) 620-1780
                                            Facsimile: (213) 620-1398
                                            bagness@sheppardmullin.com

                                            *Attorneys for Defendants*
                                            *Abon Pharmaceuticals and*
                                            *Incepta Pharmaceuticals Co. Ltd.*

# EXHIBIT A

**AGREED LIST – TABLE 1**

| No. | Claim Term | Agreed Construction |
|---|---|---|
| 1 | a solid polymeric matrix with said drug dispersed therein | a solid polymeric matrix with the drug dispersed throughout the matrix. |
| 3 | a solid monolithic matrix with said drug contained therein | a single entire matrix with the drug dispersed throughout the matrix. |
| 7 | said polymeric matrix being one that swells upon imbibition of water | the dosage form, which comprises a polymeric matrix, increases in size due to the ingress of water. |
| 20 | until all of said drug is released | until the plateau of the dissolution profile characterizing drug release from the swollen dosage form is reached. |
| 40 | wherein the gabapentin has a bioavailability greater than or equal to 80% of an equal dose of gabapentin in an immediate release dosage | Does not require construction; shall have its plain and ordinary meaning |
| 41 | wherein the gabapentin is released at a rate sufficient to achieve a lower maximum plasma concentration ($C_{max}$) compared to an equal dose of gabapentin provided by an immediate release dosage form | Does not require construction; shall have its plain and ordinary meaning |
| 42 | whereby the dosage form releases gabapentin at a rate sufficient to achieve a lower maximum plasma concentration ($C_{max}$) compared to an equal dose of gabapentin provided by an immediate release dosage form | Does not require construction; shall have its plain and ordinary meaning |

| No. | Claim Term | Agreed Construction |
|---|---|---|
| 43 | gabapentin is released from the matrix into the upper gastrointestinal tract over about 5-12 hours at a rate sufficient to achieve a lower maximum plasma concentration than that provided by an immediate release dosage form comprising an equal amount of gabapentin | Does not require construction; shall have its plain and ordinary meaning |
| 45 | bioavailability of gabapentin is at least 80% of that provided by an immediate release dosage form comprising an equal amount of gabapentin as measured by the area under the plasma concentration-time curve, $AUC_{inf}$ | Does not require construction; shall have its plain and ordinary meaning |
| 46 | wherein the time to reach maximum plasma concentration is longer relative to the time to reach maximum plasma concentration from an immediate release dosage form comprising the dose of gabapentin | Does not require construction; shall have its plain and ordinary meaning |
| 47 | gabapentin is released from the matrix into the upper gastrointestinal tract over about 5-12 hours at a rate sufficient to achieve a longer time to the maximum plasma concentration than that provided by an immediate release dosage form comprising an equal amount of gabapentin | Does not require construction; shall have its plain and ordinary meaning |
| 53 | polymeric matrix | a medium comprising polymer |
| 55 | one or more polymers forming a solid polymeric matrix with said drug incorporated therein | the drug is dispersed throughout a solid polymeric matrix formed by one or more polymers |
| 58 | dissolution and diffusion | rapid dissolution of the drug, followed by slow diffusion of the drug out of the water-swollen matrix, such that the drug is released at a rate primarily controlled by the rate of diffusion |

| No. | Claim Term | Agreed Construction |
|---|---|---|
| 60 | gastric fluid | both the fluid in the stomach and simulated or artificial fluids recognized by those skill[ed] in the art as a suitable model for the fluid of the human stomach |
| 61 | releases substantially all of said drug without about eight hours after such immersion | at least 80% of the drug has been released after eight hours of immersion in gastric fluid |
| 70 | an oval | any curve that is closed and concave towards the center wherein the geometric form bounded by the closed curve has a first and second orthogonal axes of unequal length |

# EXHIBIT B

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 4 | **Dispersed in a gastric retained dosage form**<br><br>'927 patent, claim 17 (18, 19, 23, 25, 26, 30, 32, 52, 55, 61, 66), 33 (34, 35, 39, 40-43, 45, 47, 50, 53, 56, 59, 62, 63, 67) | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br><br>'927 Specification<br>Col 1:40-50<br>Col 2:16-21<br>Col 5:63-65<br>Col 6:29-32<br>Col 6:50-65<br><br>File History<br><br>1/24/06 Amendment e.g. pgs 15-16 (DEPOACT0004920 -4921); 2/6/08 Amendment, e.g. pg 19 (DEPOACT0005154); 6/9/08 Notice of Allowance, e.g. pg 3 (DEPOACT0005248); Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br><br>Figures 1,2<br>Col 1:37-50<br>Col 2:14-25<br>Col 6:29-56<br>Col 6:50-65<br>Col 6 :17-28 | *"contained in a dosage form that allows for extended release of drug substance in the stomach for the duration of drug delivery independent of the intake of food"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 1, ll. 44-51; col. 2, ll. 16-25; col. 4, ll. 57-61; col. 5, ll. 24-26; col. 5, l. 51 - col. 7, l. 20; Examples 1-4 at col. 8, l. 59 - col. 11, l. 32; '927 patent file history, Amendment dated Jan. 24, 2006 at 15-16; Amendment dated Jan. 25, 2007 at 19; Amendment dated Feb. 6, 2008 at 19-20; Notice of Allowability dated Jun. 9, 2008 at 3.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "dispersed in a gastric retained dosage form" to mean "contained in a dosage form that allows for extended release of drug substance in the stomach for the duration of drug delivery independent of the intake of food." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Claims 1, 9,15, 17, 25, 31, 33, 40, 46<br><br>'927 File History<br>1/25/07 Amendment, e.g. pgs 17-18<br>(DEPOACT0005063 – 5064)<br><br>**Extrinsic:**<br><br><u>Expert Testimony</u><br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br><u>Judicial Authority:</u><br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang") | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | [GRALISE_JDG_00000384-GRALISE_JDG_00000425]<br><br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>FDA Guidance for Industry:<br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry:<br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 5 | **Dispersed in a single polymer matrix**<br><br>'927 patent, claims 17 (18, 19, 23, 25, 26, 30, 32, 52, 55, 61, 66), 33 (34, 35, 39, 40-43, 45, 47, 50, 53, 56, 59, 62, 63, 67); '989 patent, claim 1 (2-7, 10-20) | *Dispersed in a single medium comprising polymer*<br><br>**Intrinsic:**<br><br>'927 Specification<br><br>Col 6:50-56<br>Col 6: 65 – col. 7:5<br>Col 7:14- 20<br>Col 8:60 – Col 10:62<br><br>'989 Specification<br><br>Col 6:55-61<br>Col 7:3-10<br>Col 7:19-26<br>Col 8:65 – Col :12:7<br><br>'927 File History<br><br>1/24/06 Amendment e.g. pgs 16 (DEPOACT0004921); 2/6/08 Amendment, e.g. pg 2, 19-21 (DEPOACT0005168, DEPOACT0005154-5156); 4/17/08 Office Action, e.g. pg 5, 7 (DEPOACT0005195, DEPOACT0005195); 4/22/08 Interview Summary e.g. pg 4 (DEPOACT0005204); 5/9/2008 Amendment; 6/9/08 Notice of Allowance, e.g. pg 3 (DEPOACT0005248);<br>Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35.<br><br>'989 File History<br><br>6/26/09 Amendment e.g. pg 6 (DEPOACT0005577); 10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited | *Plain and ordinary meaning.*<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other experts may provide expert testimony that a person of ordinary skill in the art would understand the term "dispersed in a single polymer matrix" does not require construction. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | evidence, and may rely on evidence cited by Defendants. <br><br> '927 Specification <br><br> Col 6:50 – col. 7:5 <br><br> **Extrinsic:** <br><br> Expert Testimony: <br><br> Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction. <br><br> Judicial Authority: <br><br> August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB <br><br> To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, and may rely on evidence cited by Defendants. <br><br> May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 6 | **Dispersed in a** | *Dispersed in a single medium* | *Plain and ordinary meaning.* |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **single matrix**<br><br>'756 patent, claims 1 (2-5, 12), 6 (7-11), 15 (16) | **Intrinsic:**<br><br>'756 Specification<br><br>Col 6:58-64<br>Col 7:23-30<br>Col 7:6-13<br>Col 9:13- Col 12:48<br><br>File History<br><br>12/30/11 Amendment, e.g. pg 10 (DEPOACT0018598)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence,<br><br>and may rely on evidence cited by Defendants and:.<br><br>'927 File History<br><br>1/24/06 Amendment e.g. pgs 16 (DEPOACT0004921); 2/6/08 Amendment, e.g. pg 2, 19-21 (DEPOACT0005168, DEPOACT0005154-5156); 4/17/08 Office Action, e.g. pg 5, 7 (DEPOACT0005195, DEPOACT0005195); 4/22/08 Interview Summary e.g. pg 4 (DEPOACT0005204); 5/9/2008 Amendment; 6/9/08 Notice of Allowance, e.g. pg 3 (DEPOACT0005248);<br>Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35.<br><br>'989 File History<br><br>6/26/09 Amendment e.g. pg 6 (DEPOACT0005577);<br><br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697) | **Extrinsic:**<br><br>Dr. Anthony Lowman and/or other experts may provide expert testimony that a person of ordinary skill in the art would understand the term "dispersed in a single matrix" does not require construction. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | **Extrinsic:**<br><br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 8 | **said dosage form being one that when swollen in a dimensionally unrestricted** | *Adopt Judge Pisano's construction in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"the dosage form, which comprises a polymeric matrix, increases in size due to ingress of water"* | *"said dosage form being one that upon imbibition of water swells in a physically unlimited manner in all dimensions"*<br><br>**Intrinsic:** |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **manner as a result of imbibition of water**<br><br>'280 patent, claim 1 (8-15, 45, 46) | **Intrinsic:**<br><br>Specification:<br><br>Abstract,<br>Col. 5:57-62,<br>Col. 5:66 – 6:3,<br>Col. 6:14-24,<br>Col. 7:54-58,<br>Col. 9:1-7,<br>Col. 10:21-39,<br>Col. 11:23-30,<br>Col. 11:53 – 12:4,<br>Col. 12:17-23,<br>Col. 14:6-36, 48-50,<br>Col. 14:59 – Col. 15:39,<br>Col. 15:49-59,<br>Col. 16:1-32, 57-58,<br>Col. 17:19-23, 35-37.<br><br>File History:<br><br>USSN 08/870,509. 5/7/98 Office Action at p. 4. USSN 09/282,233. 5/9/00 Office Action at p. 2. 6/15/00 Terminal Disclaimer. 9/15/00 Notice Of Allowance at p. 1. U.S. Patent No. 5,972,389 Col. 1:58-62, Col. 8:34-40, Col. 10:63 – 11:8, Col. 11:49-53, Col. 12:30-51.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'280 Specification | Claim context, '280 patent, '280 patent file history, including without limitation:<br><br>'280 patent, col. 7, ll. 54-58; col. 5, l. 66 - col. 6, l. 32; col. 9, ll. 1-21; '280 patent file history, Amendment dated Mar. 24, 2003 at 2.<br><br>**Extrinsic:**<br><br>Webster's Third New International Dictionary of the English Language (Unabridged) 1937, 2508 (1993).See GRALISE_JDG_00002845 -2849.<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "said dosage form being one that when swollen in a dimensionally unrestricted manner as a result of imbibition of water" to mean "said dosage form being one that upon imbibition of water swells in a physically unlimited manner in all dimensions." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col 10:20-19<br>Col 12:18-25<br>Col 13:27-28<br>Col 13:47-52<br>Col 14:47-50<br>Col 14:59-37<br>Col 15:47-57<br>Col 15:66- Col 16:27<br>Col 17:10-12<br><br>**Extrinsic:**<br><br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>FDA Guidance for Industry:<br><br>Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry:<br><br>SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>Expert Testimony: | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Hon. Joel Pisano in case No. 3:11-cv-03553-JAP-TJB (D.N.J.); *see also* May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] | |
| 9 | **said matrix being one that swells in an** | *Adopt Judge Pisano's construction in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB, i.e., this term does not require* | *"said matrix being one that swells in a physically unlimited manner along the two orthogonal axes upon imbibition of water"* |

| Claim Term | Deposed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **unrestricted manner along both such axes upon imbibition of water**<br><br>'962 patent, claim 1 (2-16) | *construction*<br><br>**Intrinsic:**<br><br>Specification:<br><br>Abstract<br>Col. 3:27-36<br>Col. 4:23-47<br>Col. 4:48-53<br><br>File History:<br><br>USSN 09/598,061. 8/3/01 Final Office Action at pp. 5-6 12/5/01 Amendment Under 37 CFR 1.116 Expedited Procedure Examining Group1615 at pp.2-5<br><br>3/27/2002 Office Action at pp. 5-6<br><br>4/25/2002 Correction and Request for Reconsideration at pp. 2-3<br><br>U.S. Patent No. 6,120,803<br><br>To oppose Defendants' construction, Deposed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'962 Specification<br><br>Col 2:37-51<br>Col 3:28-36<br>Col 3:52-55<br><br>**Extrinsic:**<br><br>Merriam Webster's Collegiate Dictionary 10th Ed. (1995) at p. 753 | **Intrinsic:**<br><br>Claim context, '962 patent, '962 patent file history, including without limitation:<br><br>'962 patent, col. 4, ll. 22-51; '962 patent file history, Amendment dated Jun. 7, 2001 at 2-3; Amendment dated Jan. 16, 2002 at 3-5; Request for Reconsideration dated May 9, 2002 at 2-3; Notice of Allowability dated Jul. 24, 2002 at 2.<br><br>**Extrinsic:**<br><br>Webster's Third New International Dictionary of the English Language (Unabridged) 1937, 2508 (1993). See GRALISE_JDG_00002845 - 2849.<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "said matrix being one that swells in an unrestricted manner along both such axes upon imbibition of water" to mean "said matrix being one that swells in a physically unlimited manner along the two orthogonal axes upon imbibition of water." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | <u>Expert Testimony:</u><br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction<br><br><u>Judicial Authority:</u><br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Hon. Joel Pisano in case No. 3:11-cv-03553-JAP-TJB (D.N.J.); *see also* May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.).<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425]<br><br>FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 10 | swells in a dimensionally unrestrained manner by imbibing water<br><br>'927 patent, claims 17 (18, 19, 23, 25, 26, 30, 32, 52, 55, 61, 66), 33 (34, 35, 39, 40-43, 45, 47, 50, 53, | *Adopt Judge Pisano's construction for "when swollen in a dimensionally unrestrained manner as a result of imbibition of water" in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"the polymeric matrix, increases in size due to ingress of water"*<br><br>**Intrinsic:**<br><br>'927 Specification<br><br>Col 5:63-6:1<br>Col 6:11-16 | *"swells in a physically unlimited manner in all dimensions upon imbibition of water"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 6, ll. 10-13; col. 6, l. 50 - col. 7, l. 5; '927 patent file history, Amendment dated Feb. 6, 2008 at 2, 19.<br><br>**Extrinsic:** |

| | Claim Term | Deposed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | 56, 59, 62, 63, 67) | Col 6:56-59<br><br>File History<br><br>1/24/06 Amendment e.g. pgs 15-16 (DEPOACT0004920 -4921); 1/25/07 Amendment, e.g. pgs 19 (DEPOACT0005065); 2/6/08 Amendment, e.g. pg 19 (DEPOACT0005154); Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35.<br><br>To oppose Defendants' construction, Deposed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br><br>Col 5:63-6:16<br>Col 6:29-col 7:12<br><br>'927 File History<br><br>1/25/07 Amendment, e.g. pgs 17-19 (DEPOACT0005063 – 5064)<br><br>**Extrinsic:**<br><br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction. | Webster's Third New International Dictionary of the English Language (Unabridged) 1936, 2508 (1993). See GRALISE_JDG_00002845 -2849.<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "swells in a dimensionally unrestrained manner by imbibing water" to mean "swells in a physically unlimited manner in all dimensions upon imbibition of water." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Judicial Authority: | |
| | | August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB | |
| | | To oppose Defendants' construction, Depomed intends to rely on at least its previously cited | |
| | | evidence, may rely on evidence cited by Defendants, and: | |
| | | May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| | | Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. | |
| | | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs. | |
| | | Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59. | |
| | | Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |
| | | FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. | |
| | | FDA Guidance for Industry: SUPAC-MR Modified | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 | |
| | | U.S. Patent No. 5,443,843 ("Curatolo") | |
| | | [[GRALISE_JDG_00000729-GRALISE_JDG_00000738] | |
| | | Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] | |
| 11 | **swells unrestrained dimensionally by imbibing water**<br><br>'989 patent, claim 1 (2-7, 10-20); '756 patent, claims 1 (2-5, 12), 6 (7-11), 15 (16) | *Adopt Judge Pisano's construction for "when swollen in a dimensionally unrestrained manner as a result of imbibition of water" in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"the polymeric matrix, increases in size due to ingress of water"*<br><br>**Intrinsic:**<br><br>'989 Specification<br><br>Col 6:1-6<br>Col 6:15-21<br>Col 6:61-69<br><br>'989 File History<br><br>6/26/09 Amendment e.g. pg 4 (DEPOACT0005575)<br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>'756 Specification<br><br>Col 6:3-8<br>Col 6:18-21 | *"swells in a physically unlimited manner in all dimensions upon imbibition of water"*<br><br>**Intrinsic:**<br><br>Claim context, '989 patent, '989 patent file history, '756 patent, '756 patent file history, including without limitation:<br><br>'989 patent, col. 6, ll. 15-18; col. 6 l. 55 - col. 7, l. 10; '989 patent file history, Amendment dated Jun. 26, 2009 at 4; '756 patent, col. 6, ll. 18- 21; col. 6 l. 58 - col. 7, l. 13; '756 patent file history, Amendment dated Dec. 30, 2011 at 10.<br><br>**Extrinsic:**<br><br>Webster's Third New International Dictionary of the English Language (Unabridged) 1936, 2508 (1993). See GRALISE_JDG_00002845 - 2849.<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col 6:64-67<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>‘989 Specification<br><br>Col 6:1-22<br>Col 6:34-40<br>Col 6:46-52<br><br>‘756 File History<br><br>12/30/11 Amendment, e.g. pg 9-10 (DEPOACT0018597 - 18598)<br><br>**Extrinsic:**<br><br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited | skill in the art would understand the term "swells unrestrained dimensionally by imbibing water" to mean "swells in a physically unlimited manner in all dimensions upon imbibition of water." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | evidence, may rely on evidence cited by Defendants, and: | |
| | | May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| | | Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. | |
| | | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs. | |
| | | Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59. | |
| | | Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |
| | | FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. | |
| | | FDA Guidance for Industry: SUPAC-MR Modified Release SolidOral Dosage Forms (September 1997) at pp. 6, 30-32 | |
| | | U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738] | |
| | | Hwang, Park and Park ("Hwang") | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | [GRALISE_JDG_00000384- GRALISE_JDG_00000425] | |
| 12 | **thereby attaining a size large enough to promote retention in the stomach during said fed mode**<br><br>'475 patent, claim 1 (8-15, 61, 62) | *Adopt Judge Pisano's construction in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours"*<br><br>**Intrinsic:**<br><br>Specification[1]:<br><br>Abstract,<br>Col. 5:66 – 6:3,<br>Col. 6:19-24,<br>Col. 7:54-58,<br>Col. 9:1-7,<br>Col. 10:21-39,<br>Col. 11:23-30,<br>Col. 11:53 – 12:4,<br>Col. 12:17-23,<br>Col. 14:6-36, 48-50,<br>Col. 14:59 – Col. 15:39,<br>Col. 15:49-59,<br>Col. 16:1-32, 57-58,<br>Col. 17:19-23, 35-37.<br><br>File History:<br><br>USSN 08/870,509. 5/7/98 Office Action at p. 4. | *"such that when the dosage form is introduced into the stomach in the fed mode, it attains a size such that the dosage form remains in the stomach for the duration of drug delivery"*<br><br>**Intrinsic:**<br><br>Claim context, '475 patent, '475 patent file history, including without limitation:<br><br>'475 patent, col. 5, l. 66 - col. 6, l. 3; col. 6, ll. 18-32; col. 10, ll. 20-39; col. 11, l. 53 - col. 12, l. 4; Example 9 at col. 17, ll. 9-24; '475 patent file history, Notice of Allowability dated Sep. 5, 2000 at 1.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "thereby attaining a size large enough to promote retention in the stomach during said fed mode" to mean "such that when the dosage form is introduced into the stomach in the fed mode, it attains a size such that the dosage form remains in the stomach for the duration of drug delivery." |

---

[1] Cites are from U.S. Patent No. 6,340,475

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | USSN 09/282,233. 5/9/00 Office Action at p. 2. 6/15/00 Terminal Disclaimer. 9/15/00 Notice Of Allowance at p. 1. U.S. Patent No. 5,972,389 Col. 1:58-62, Col. 8:34-40, Col. 10:63 – 11:8, Col. 11:49-53, Col. 12:30-51.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'475 Specification<br><br>Col 2:59-67<br>Col 3:1-15<br>Col 6:19-45<br>Col 9:12-21<br>Col 9:32-36<br>Col 11:18-22<br>Col 12:1-3<br>Col 12:14- Col 13:8<br>Col 16:66- Col 17:22<br>Figures 1-9<br><br>**Extrinsic:**<br><br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |

(content continued below within Depomed Proposed Construction column)

<u>Judicial Authority:</u>

August 3, 2012, Claim construction Order and Memorandum Opinion by Hon. Joel Pisano in case No. 3:11-cv-03553-JAP-TJB (D.N.J.); *see also* May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007.

<u>Expert Testimony:</u>

Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.

To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:

Webster's II New College Dictionary (2001), pg. 885 (DEPOACT0114853-114855)

<u>FDA Guidance for Industry</u>: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.

<u>FDA Guidance for Industry</u>: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997)

|   | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
|   |   | at pp. 6, 30-32 |   |
|   |   | U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738] |   |
|   |   | Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] |   |
| 13 | is of a size exceeding the pyloric diameter in the fed mode to promote retention in the stomach during said fed mode<br><br>'280 patent, claim 1 (8-15, 45, 46) | *Adopt Judge Pisano's construction in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours"*<br><br>**Intrinsic:**<br>Specification[2]:<br>Abstract,<br>Col. 5:66 – 6:3,<br>Col. 6:19-24,<br>Col. 7:54-58,<br>Col. 9:1-7,<br>Col. 10:21-39,<br>Col. 11:23-30,<br>Col. 11:53 – 12:4,<br>Col. 12:17-23,<br>Col. 14:6-36, 48-50,<br>Col. 14:59 – Col. 15:39, | *"is of a size exceeding the pyloric diameter in the fed mode such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery"*<br><br>**Intrinsic:**<br><br>Claim context, '280 patent, '280 patent file history, including without limitation:<br><br>'280 patent, col. 5 l. 66 - col. 6, l. 3; col. 6, ll. 18-32; col. 10, ll. 20-39; col. 11, l. 54 - col. 12, l. 5; '280 patent file history, Amendment dated Mar. 24, 2003 at 2.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "is of a size exceeding the pyloric diameter in the fed mode to |

---

[2] Cites are from U.S. Patent No. 6,340,475

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col. 15:49-59, Col. 16:1-32, 57-58, Col. 17:19-23, 35-37. | promote retention in the stomach during said fed mode" to mean "is of a size exceeding the pyloric diameter in the fed mode such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery." |

File History:
USSN 08/870,509. 5/7/98 Office Action at p. 4.
USSN 09/282,233. 5/9/00 Office Action at p. 2.
6/15/00 Terminal Disclaimer. 9/15/00 Notice Of
Allowance at p. 1. U.S. Patent No. 5,972,389 Col.
1:58-62, Col. 8:34-40, Col. 10:63 – 11:8, Col. 11:49-
53, Col. 12:30-51.

To oppose Defendants' construction, Depomed
intends to rely on at least its previously cited
evidence, may rely on evidence cited by Defendants
and:

'280 Specification
Col 9:12-21
Col 9:32-36
Col 11:18-22
Col 12:1-3
Col 12:14- Col 13:8
Col 16:66- Col 17:22
Figures 1-9

'475 Specification[3]
Col 2:59-67
Col 3:1-15

---

[3] Cites are from U.S. Patent No. 6,340,475

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col 6:19-45<br><br>**Extrinsic:**<br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp. 349-59.<br><br>*Meyer, Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Hon. Joel Pisano in case No. 3:11-cv-03553-JAP-TJB (D.N.J.); *see also* May 17, 2011, Order Construing Claims by Hon. Phyllis J. | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>Webster's II New College Dictionary (2001), pg. 885 (DEPOACT0114853-114855)<br><br>FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 14 | **to increase its size to promote gastric retention of the dosage form in the stomach of the mammal**<br><br>'927 patent, claims 17 (18, 19, 23, 25, 26, 30, 32, 52, 55, 61, 66), 33 (34, 35, 39, 40-43, 45, 47, 50, 53, 56, 59, 62, 63, 67) | *Adopt Judge Pisano's construction for "attaining a size large enough to promote retention in the stomach" in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"such that when the dosage form is introduced into the stomach, the dosage form remains in the stomach for several hours"*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 2:16-21<br>Col 5:63-6:1<br>Col 6:29-38<br>Col 6:50-59<br><br>File History<br>1/24/06 Amendment e.g. pgs 15-16 (DEPOACT0004920 - 4921); 1/25/07 Amendment, e.g. pg 19 (DEPOACT0005065); 2/6/08 Amendment, e.g. pg 19 (DEPOACT0005154); 6/9/08 Amendment, e.g. pg 3 (DEPOACT0005248); Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35. To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br>Figures 1-2<br>Col 5:63-7:5<br>Col 6:50-65<br>Col 6 :17-28 | "to increase in size to allow for extended release of drug substance in the stomach of a mammal for the duration of drug delivery independent of the intake of food"<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 5, l. 51 - col. 6, l. 16; col. 6, l. 29 - col. 7, l. 20; '927 patent file history, Amendment dated Feb. 6, 2008 at 2, 19; Amendment dated Jan. 25, 2007 at 18-19; Amendment dated Jan. 24, 2006 at 15.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "to increase its size to promote gastric retention of the dosage form in the stomach of the mammal" to mean "to increase in size to allow for extended release of drug substance in the stomach of a mammal for the duration of drug delivery independent of the intake of food." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Claims 1, 9,15, 17, 25, 31, 33, 40, 46<br><br>'927 File History<br>1/25/07 Amendment, e.g. pgs 17<br>(DEPOACT0005063)<br><br>**Extrinsic:**<br><u>Expert Testimony:</u><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br><u>Judicial Authority:</u><br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>Webster's II New College Dictionary (2001), pg. 885 (DEPOACT0114853-114855)<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued | |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| | December 20, 2006, and December 12, 2007.<br><br>Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph.<br><br>Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs.<br><br>Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59.<br><br>Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989).<br><br>FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17.<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32<br><br>U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] | |

|  | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 15 | **increase its size to promote gastric retention of the dosage form in a stomach in a fed mode**<br><br>'989 patent, claim 1 (2- 7, 10-20) | *Adopt Judge Pisano's construction for "attaining a size large enough to promote retention in the stomach during the fed mode" in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours"*<br><br>**Intrinsic:**<br>'989 Specification<br>Col :23-27<br>Col 6:1-6<br>Col 6:34-44<br>Col 6:55-69<br><br>File History<br>6/26/09 Amendment e.g. pg 4 (DEPOACT0005575)<br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'989 Specification<br>Col 1:6-10<br>Col 6:22-33<br>Col 8:66- Col 10:40<br>Figures 1-2 | *"to increase in size such that when introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery"*<br><br>**Intrinsic:**<br><br>Claim context, '989 patent, '989 patent file history, including without limitation:<br><br>'989 patent, col. 5, l. 56 - col. 6, l. 21; col. 6, l. 34 - col. 7, l. 26; '989 patent file history, Amendment dated Jun. 26, 2009 at 7.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "increase its size to promote gastric retention of the dosage form in a stomach in a fed mode" to mean "to increase in size such that when introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | <u>Specification</u>[4]<br>Col 6:50-65<br>Col 6 :17-28<br>Claims 1, 9,15, 17, 25, 31, 33, 40, 46<br><br>**Extrinsic:**<br><u>Expert Testimony:</u><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br><u>Judicial Authority:</u><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>Webster's II New College Dictionary (2001), pg. 885 (DEPOACT0114853-114855)<br><br>May 17, 2011, Order Construing Claims by Hon. | |

---

[4] Cites are from U.S. Patent No. 7,438,927.

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| | | Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. | |
| | | Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs. | |
| | | Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59. | |
| | | Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). | |
| | | FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. | |
| | | FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral DosageForms (September 1997) at pp. 6, 30-32 | |
| | | U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729-GRALISE_JDG_00000738] | |
| | | Hwang, Park and Park ("Hwang") [GRALISE_JDG_00000384-GRALISE_JDG_00000425] | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 16 | **to increase its size to promote gastric retention of the dosage form in the stomach in a fed mode**<br><br>'756 patent, claims 1 (2-5, 12), 6 (7-11), 15 (16) | *Adopt Judge Pisano's construction for "attaining a size large enough to promote retention in the stomach during the fed mode" in Depomed Inc. et al. v. Sun Pharma Global FZE, et al., No. 3:11-cv-03553-JAP-TJB*<br><br>*"such that when the dosage form is introduced into the stomach in the fed mode, the dosage form remains in the stomach for several hours"*<br><br>**Intrinsic:**<br>'756 Specification<br>Col 2:26-30<br>Col 6:37-46<br>Col 6:58-67<br>Col 6:4-9<br><br>File History<br>12/30/11 Amendment, e.g. pg 10 (DEPOACT0018598)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'756 Specification<br>Col 1:6-13<br>Col 5:26-33<br>Col 9:13- Col 10:45<br><br>'756 File History<br><br>12/30/11 Amendment, e.g. pg 9 (DEPOACT0018597) | *"to increase in size such that when introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery"*<br><br>**Intrinsic:**<br><br>Claim context, '756 patent, '756 patent file history, including without limitation:<br><br>'756 patent, col. 5, l. 60 - col. 6, l. 24; col. 6, l. 37 - col. 7, l. 30; '756 patent file history, Amendment dated Dec. 30, 2011 at 10.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "to increase its size to promote gastric retention of the dosage form in the stomach in a fed mode" to mean "to increase in size such that when introduced into the stomach in the fed mode, the dosage form remains in the stomach for the duration of drug delivery." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Specification[5]<br>Col 6:50-65<br>Col 6 :17-28<br>Claims 1, 9,15, 17, 25, 31, 33, 40, 46<br><br>**Extrinsic:**<br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>Webster's II New College Dictionary (2001), pg. 885 (DEPOACT0114853-114855) | |

---

[5] Cites are from U.S. Patent No. 7,438,927.

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. <br><br> Khosla et al., 53 INT'L J. PHARMACEUT. 107-117 (1989) at p. 108, first col., first full paragraph, paragraph bridging pp. 114-115, p. 115, second col., first paragraph. <br><br> Timmermans et al., 82 J. PHARMACEUT. SCI. 854 (1993) at p. 854, second col., first three paragraphs. <br><br> Munk et al., Health and Disease (Ed. H.L. Duthie, 1978) pp.349-59. <br><br> Meyer, *Drug Delivery to the Gastrointestinal Tract*, J.G. Hardy et al., Eds., Chapter 3, pp. 37-48 (1989). <br><br> FDA Guidance for Industry: Extended Release Oral Dosage Forms. Development, Evaluation, and Application of In Vitro/In Vivo Correlations (September 1997) at pp.2, 4, 16-17. <br><br> FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 6, 30-32 <br><br> U.S. Patent No. 5,443,843 ("Curatolo") [[GRALISE_JDG_00000729- | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | GRALISE_JDG_00000738]<br><br>Hwang, Park and Park ("Hwang")<br>[GRALISE_JDG_00000384-<br>GRALISE_JDG_00000425] | |
| 19 | **and that remains substantially intact**<br><br>'475 patent, claim 1 (8- 15, 61, 62); '280 patent, claim 1 (8-15, 45, 46) | *A polymeric matrix in which the polymer portion substantially retains its size and shape without deterioration due to becoming solubilized in the gastric fluid or due to breakage into fragments or small particles*<br><br>**Intrinsic:**<br>Specification[6]:<br>Abstract,<br>Col. 5:57 – 6:17,<br>Col. 9:1-21, 31-35, 35-40; Col. 16:43 – 17:23<br><br>File History:<br>USSN 09/282,233. 5/9/00 Office Action at p. 2. 6/15/00 Terminal Disclaimer. 9/15/00 Notice Of Allowance at p. 1. U.S. Patent No. 5,972,389 Col. 2:20-27, Col. 4:28-43.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, and may rely on evidence cited by Defendants<br><br>**Extrinsic:** | *"remains substantially intact"* means *"a polymeric matrix in which the polymer portion substantially retains its size and shape after ingestion without deterioration due to becoming solubilized in the gastric fluid or due to breakage into fragments or small particles"*<br><br>**Intrinsic:**<br><br>Claim context, '475 patent, '475 patent file history, '280 patent, '280 patent file history, including without limitation:<br><br>'475 patent, col. 9, ll. 21-40; '280 patent, col. 9, ll. 22-41.<br><br>**Extrinsic:**<br><br>Order Construing Claims dated May 17, 2011, <u>Depomed, Inc. v. Lupin Pharmaceuticals, Inc. et al.</u>, Civil Action No. 09-5587 (PJH) (D.I. 107) at 23.<br><br>Dr. Anthony Lowman and/or other expert(s) may |

---

[6] Cites are from U.S. Patent No. 6,340,475

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Hon. Joel Pisano in case No. 3:11-cv-03553-JAP-TJB (D.N.J.); see also May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); see also Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, and may rely on evidence cited by Defendants | provide expert testimony that a person of ordinary skill in the art would understand the term "and that remains substantially intact" to mean "'remains substantially intact' means 'a polymeric matrix in which the polymer portion substantially retains its size and shape after ingestion without deterioration due to becoming solubilized in the gastric fluid or due to breakage into fragments or small particles.'" |
| 32 | Administration<br><br>'927 patent, claims 17 (18, 19, 23, 25, 26, 30, 32, 52, 55, 61, 66), 33 (34, 35, 39, 40-43, | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 1:60-64<br>Col 2:14-16<br>Col 2:44-48 | *"providing [of a drug substance] to the body of a patient or mammal"*<br><br>**Intrinsic:**<br>Claim context, '927 patent, '927 patent file history, '989 patent, '989 patent file history, '756 patent, '756 patent file history, including without limitation: |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| 45, 47, 50, 53, 56, 59, 62, 63, 67); '989 patent, claims 1 (2-7, 10-20); '756 patent, claims 1 (2-5, 12), 6 (7-11), 15 (16) | Col 2:63-65<br>Col 3: 38-46<br>Col 4:3-5<br>Col 4:46-48<br>Col 5:21-26<br>Col 6:10-12<br>Col 6:23-28<br>Col 7:21-27<br>Col 8:9-19<br>Col 8:24-50<br><br>'989 Specification<br>Col 2:1-10<br>Col 2:22-24<br>Col 3:1-3<br>Col 3:43-53<br>Col 4:8-10<br>Col 4:51-53<br>Col 6:15-17<br>Col 5:25-30<br>Col 6:28-33<br>Col 7:27-33<br>Col 8:14-24<br>Col 8:31-55<br><br>'756 Specification<br>Col 2:3-13<br>Col 2:25-27<br>Col 3:4-7<br>Col 3:46-56<br>Col 4:10-13<br>Col 4:53-55 | '927 patent, col. 1, ll. 60-64; col. 5, ll. 16-48; col. 6, l. 50 - col. 7, l. 5; col. 10, l. 64 - col. 11, l. 10; '927 patent file history, Amendment dated Feb. 6, 2008 at 17-18; '989 patent, col. 2, ll. 1-5; col. 5, ll. 21- 53; col. 6, l. 55- col. 7, l. 10; col. 11, ll. 24-36; '989 patent file history, Notice of Allowability dated Jan. 19, 2010; '756 patent, col. 2, ll. 4-8; col. 5, ll. 23-56; col. 6, l. 58 - col. 7, l. 13; col. 11, ll. 42-54; '756 patent file history, Amendment dated Dec. 30, 2011 at 8.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "administration" to mean "providing [of a drug substance] to the body of a patient or mammal." |

|  | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
|  |  | Col 5:28-33<br>Col 6:18-20<br>Col 6:31-36<br>Col 7:44-50<br>Col 8:31-41<br>Col 8:47-Col 9:3<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br>Col 6: 17-28<br>Claim 10, 17 26, 33, 41<br><br>'927 File History<br>9/23/05 Office Action, e.g. pg 3 (DEPOACT0004894); 1/25/07 Amendment, e.g. pgs 17-18 (DEPOACT0005063 – 5064); 10/09/07 Office Action, e.g. 5 (DEPOACT0005142); 2/6/08 Amendment, e.g. pg 20-21 (DEPOACT0005155 DEPOACT0005156); 5/9/2008 Amendment, e.g. pg 12 -13 (DEPOACT0005209 - 5210)<br><br>'989 Specification<br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>**Extrinsic:**<br>Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the |  |

| | Claim Term | Deposed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br>To oppose Defendants' construction, Deposed intends to rely on at least its previously cited evidence may rely on evidence cited by Defendants, and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); see also Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 33 | wherein the dosage form provides administration of at least 80 wt% of the gabapentin to be delivered over a period of about 5-12 hours | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Figure 1<br>Col 6:17-28<br>Col 9:50-61 (Table)<br>Col 10:1-15 (Table)<br><br>File History | *"wherein the dosage form provides to the body of the mammal at least 80 wt% of the gabapentin to be delivered over a period of about 5-12 hours"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 6, ll. 17-28; Examples 1 & 2 at col. 8, l. 59 - col. 10, l. 11; Figure 1; '927 patent file |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | '927 patent, claim 41 (59) | 1/24/06 Amendment e.g. pgs 16 (DEPOACT0004920); 1/25/07 Amendment, e.g. pgs 17 (DEPOACT0005063); 5/9/2008 Amendment, e.g. pg 10 (DEPOACT0005207); 6/9/08 Amendment, e.g. pg 3 (DEPOACT0005248)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and also refers to the evidence cited with respect to the term "administration"<br><br>'927 Specification<br>Col 1:60-64<br>Col 2:14-16, 44-48, 2:63-65<br>Col 3: 38-46<br>Col 4:3-5, 46-48<br>Col 5:21-26<br>Col 6:10-12, 17-28, 23-28<br>Col 7:21-27<br>Col 8:9-19, 8:24-50<br>Claim 10, 17 26, 33, 41<br><br>'989 Specification<br>Col 2:1-10, 22-24<br>Col 3:1-3, 43-53<br>Col 4:8-10, 51-53<br>Col 6:15-17, 28-33<br>Col 5:25-30<br>Col 7:27-33<br>Col 8:14-24, 8:31-55 | history, Amendment dated Jan. 25, 2007 at 18.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "wherein the dosage form provides administration of at least 80 wt% of the gabapentin to be delivered over a period of about 5-12 hours" to mean "wherein the dosage form provides to the body of the mammal at least 80 wt% of the gabapentin to be delivered over a period of about 5-12 hours." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | <u>'756 Specification</u><br>Col 2:3-13, 25-27<br>Col 3:4-7, 46-56<br>Col 4:10-13, 53-55<br>Col 5:28-33<br>Col 6:18-20, 6:31-36<br>Col 7:44-50<br>Col 8:31-41, 47-Col 9:3<br><br><u>'927 File History</u><br>9/23/05 Office Action, e.g. pg 3 (DEPOACT0004894); 1/25/07 Amendment, e.g. pgs 17-18 (DEPOACT0005063 – 5064); 10/09/07 Office Action, e.g. 5 (DEPOACT0005142); 2/6/08 Amendment, e.g. pg 20-21 (DEPOACT0005155 DEPOACT0005156); 5/9/2008 Amendment, e.g. pg 12 -13 (DEPOACT0005209 - 5210)<br><br><u>'989 Specification</u><br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>**Extrinsic:**<br><u>Expert Testimony:</u><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction. | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and refers to the evidence cited with respect to the term "administration" and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 34 | **wherein the administering achieves a reduced incidence of side effects to the central nervous system, relative to a non-gastric retained dosage form**<br><br>'927 patent, claims 52-53 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 2:40-43<br>Col 2:21-26<br>Col 10:15 – Col 10:62<br><br>File History<br>1/24/06 Amendment e.g. pgs 15 (DEPOACT0004920); 2/6/08 Amendment, e.g. pg 19 (DEPOACT0005154)<br><br>To oppose Defendants' construction, Depomed | *"wherein the providing [of the drug substance] to the body of the mammal achieves a reduced incidence of side effects to the central nervous system, relative to a non-gastric retained dosage form"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 1, ll. 40-43; col. 2, ll. 23-26; '927 patent file history, Office Action dated April 14, 2008 at 5.<br><br>**Extrinsic:** |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>‘927 Specification<br>Col 4:47-5:15<br>Col 10:66- Col 11:32<br>Claim 17 & 33<br><br>‘756 Specification11<br>Col 2:24-35<br>Col 2:39-51<br>Col 1:49-62<br>Col 4:60- Col 5:2<br>Col 5:26-33<br>Col 5:38-42<br><br>Depomed also refers to the evidence cited with respect to the term "administration" and claim terms containing the phrase "immediate release dosage form."<br><br>‘927 Specification<br>Col 1:60-64<br>Col 2:14-16, 44-48, 2:63-65<br>Col 3: 38-46<br>Col 4:3-5, 46-48<br>Col 5:21-26<br>Col 6:10-12, 17-28, 23-28<br>Col 7:21-27<br>Col 8:9-19, 8:24-50<br>Claim 10, 17 26, 33, 41 | Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "wherein the administering achieves a reduced incidence of side effects to the central nervous system, relative to a non-gastric retained dosage form" to mean "wherein the providing [of the drug substance] to the body of the mammal achieves a reduced incidence of side effects to the central nervous system relative to a single oral non-gastric retained dosage form of an equal dose of the drug substance." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | '989 Specification<br>Col 2:1-10, 22-24<br>Col 3:1-3, 43-53<br>Col 4:8-10, 51-53<br>Col 6:15-17, 28-33<br>Col 5:25-30<br>Col 7:27-33<br>Col 8:14-24, 8:31-55<br><br>'756 Specification<br>Col 2:3-13, 25-27<br>Col 3:4-7, 46-56<br>Col 4:10-13, 53-55<br>Col 5:28-33<br>Col 6:18-20, 6:31-36<br>Col 7:44-50<br>Col 8:31-41, 47-Col 9:3<br><br>'927 File History<br>9/23/05 Office Action, e.g. pg 3 (DEPOACT0004894); 1/25/07 Amendment, e.g. pgs 17-18 (DEPOACT0005063 – 5064); 10/09/07 Office Action, e.g. 5 (DEPOACT0005142); 2/6/08 Amendment, e.g. pg 20-21 (DEPOACT0005155 DEPOACT0005156); 5/9/2008 Amendment, e.g. pg 12 -13 (DEPOACT0005209 - 5210)<br><br>'989 Specification<br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697) | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | **Extrinsic:**<br>Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 31. (DEPOACT0114762 -114813 )<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007.<br><br>Depomed also refers to the evidence cited with | |

| | Claim Term | Deposed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | respect to the term "administration" | |
| 35 | **gas generating agent**<br><br>'927 patent, claims 28, 43 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 6: 32-49<br>Col 7: 6-12<br>Col 5:51-62<br><br>To oppose Defendants' construction, Deposed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br>Col 6: 29-49<br><br>**Extrinsic:**<br>Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. | *"an agent capable of releasing carbon dioxide or nitrogen"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 6, ll. 33-35.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "gas generating agent" to mean "an agent capable of releasing carbon dioxide or nitrogen." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, and may rely on evidence cited by Defendants | |
| 36 | **bilayered or multilayered adhesive tablet**<br><br>'927 patent, claims 30, 45 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 5:55-57<br>Col 7:6-12<br>Col 7:39-42<br><br>File History<br>7/28/06 Office Action, e.g. pg 5 (DEPOACT0005017); 1/25/07 Amendment, e.g. pgs 16 (DEPOACT0005062); 10/9/07 Office Action, e.g. pg 2(DEPOACT0005139)<br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'927 Specification<br>Claim 17 & 33<br>U.S. Patent No. 6,120,803<br>U.S. Patent No. 5,232,704<br><br>**Extrinsic:**<br>Expert Testimony: | *"a tablet having only one gabapentin/polymer matrix layer and one or more additional layers"*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, including without limitation:<br><br>'927 patent, col. 5, ll. 50-57; col. 7, ll. 6-12 & 38-42; '927 patent file history, Office Action dated July 28, 2006 at 5; Amendment dated Jan. 25, 2007 at 16.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "bilayered or multilayered adhesive tablet" to mean "a tablet having only one gabapentin/polymer matrix layer and one or more additional layers." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 37 | wherein the hydrophilic polymer swells to approximately 115% of its original volume within one hour of | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'927 Specification<br>Col 6:10-12<br>Col 6: 56-59<br><br>File History | *Defendants have proposed a construction for "administration" (see term 32 above). No further construction is necessary.*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, '989 patent, '989 patent file history, '756 patent, '756 patent file history, including without limitation: |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **administration**<br><br>'927 patent, claims 49-50 | 1/24/06 Amendment e.g. pgs 15-16 (DEPOACT0004920 -4921); 1/25/07 Amendment, e.g. pgs 19 (DEPOACT0005065); 2/6/08 Amendment, e.g. pg 19 (DEPOACT0005154); 6/9/08 Amendment, e.g. pg 3 (DEPOACT0005248); Welling, P.G., et al., J. Pharm. Sci. (1982) 71:32-35.<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and also refers to the evidence cited with respect to the term "administration"<br><br>**Extrinsic:**<br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit.  Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term.  Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, refers to the evidence cited with respect to the term "administration," and: | '927 patent, col. 6, ll. 17-28; '927 patent file history, Amendment dated Feb. 6, 2008 at 17-18; '989 patent file history, Notice of Allowability dated Jan. 19, 2010; '756 patent file history, Amendment dated Dec. 30, 2011 at 8.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "administration" to mean "providing [of a drug substance] to the body of a patient or mammal," and that no further construction is necessary for term 37. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 38 | **wherein the dosage form swells to approximately 115% of its volume prior to administration within one hour after administration** <br><br> '989 patent, claim 2 | *Plain and ordinary meaning; does not require construction* <br><br> **Intrinsic:** <br> '989 Specification <br> Col 6:15-18 <br> Col 6: 61-64 <br><br> '989 File History <br> 6/26/09 Amendment e.g. pg 4, 7 (DEPOACT0005575, 5578); 10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697) <br><br> To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and also refers to the evidence cited with respect to the term "administration" <br><br> '927 Specification <br> Col 1:60-64 <br> Col 2:14-16, 44-48, 2:63-65 <br> Col 3: 38-46 <br> Col 4:3-5, 46-48 <br> Col 5:21-26 <br> Col 6:10-12, 17-28, 23-28 | *Defendants have proposed a construction for "administration" (see term 32 above). No further construction is necessary.* <br><br> **Intrinsic:** <br><br> Claim context, '927 patent, '927 patent file history, '989 patent, '989 patent file history, '756 patent, '756 patent file history, including without limitation: <br><br> '927 patent, col. 6, ll. 17-28; '927 patent file history, Amendment dated Feb. 6, 2008 at 17-18; '989 patent file history, Notice of Allowability dated Jan. 19, 2010; '756 patent file history, Amendment dated Dec. 30, 2011 at 8. <br><br> **Extrinsic:** <br><br> Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "administration" to mean "providing [of a drug substance] to the body of a patient or mammal," and that no further construction is necessary for term 38. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col 7:21-27<br>Col 8:9-19, 8:24-50<br>Claim 10, 17 26, 33, 41<br><br>'989 Specification<br>Col 2:1-10, 22-24<br>Col 3:1-3, 43-53<br>Col 4:8-10, 51-53<br>Col 6:15-17, 28-33<br>Col 5:25-30<br>Col 7:27-33<br>Col 8:14-24, 8:31-55<br><br>'756 Specification<br>Col 2:3-13, 25-27<br>Col 3:4-7, 46-56<br>Col 4:10-13, 53-55<br>Col 5:28-33<br>Col 6:18-20, 6:31-36<br>Col 7:44-50<br>Col 8:31-41, 47-Col 9:3<br><br>'927 File History<br>9/23/05 Office Action, e.g. pg3<br>(DEPOACT0004894); 1/25/07 Amendment, e.g. pgs<br>17-18 (DEPOACT0005063 – 5064); 10/09/07 Office<br>Action, e.g. 5 (DEPOACT0005142); 2/6/08<br>Amendment, e.g. pg 20-21 (DEPOACT0005155<br>DEPOACT0005156); 5/9/2008 Amendment, e.g. pg<br>12 -13 (DEPOACT0005209 - 5210)<br><br>'989 Specification | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | 10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>**Extrinsic:**<br><br><u>Expert Testimony</u>:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit.  Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term.  Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br><u>Judicial Authority</u>:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, refers to the evidence cited with respect to the term "administration," and:<br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| 39 | **wherein the dosage form swells to approximately 130% of its volume prior to administration at a time later than one hour after administration.**<br><br>'989 patent, claim 3 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br>'989 Specification<br>Col 6:15-18<br>Col 6: 61-64<br><br>'989 File History<br>6/26/09 Amendment e.g. pg 4, 7 (DEPOACT0005575, 5578); 10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and also refers to the evidence cited with respect to the term "administration"<br><br>'927 Specification<br>Col 1:60-64<br>Col 2:14-16, 44-48, 2:63-65<br>Col 3: 38-46<br>Col 4:3-5, 46-48<br>Col 5:21-26<br>Col 6:10-12, 17-28, 23-28<br>Col 7:21-27<br>Col 8:9-19, 8:24-50<br>Claim 10, 17 26, 33, 41<br><br>'989 Specification<br>Col 2:1-10, 22-24 | *Defendants have proposed a construction for "administration" (see term 32 above).  No further construction is necessary.*<br><br>**Intrinsic:**<br><br>Claim context, '927 patent, '927 patent file history, '989 patent, '989 patent file history, '756 patent, '756 patent file history, including without limitation:<br><br>'927 patent, col. 6, ll. 17-28; '927 patent file history, Amendment dated Feb. 6, 2008 at 17-18; '989 patent file history, Notice of Allowability dated Jan. 19, 2010; '756 patent file history, Amendment dated Dec. 30, 2011 at 8.<br><br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "administration" to mean "providing [of a drug substance] to the body of a patient or mammal," and that no further construction is necessary for term 39. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Col 3:1-3, 43-53<br>Col 4:8-10, 51-53<br>Col 6:15-17, 28-33<br>Col 5:25-30<br>Col 7:27-33<br>Col 8:14-24, 8:31-55<br><br>'756 Specification<br>Col 2:3-13, 25-27<br>Col 3:4-7, 46-56<br>Col 4:10-13, 53-55<br>Col 5:28-33<br>Col 6:18-20, 6:31-36<br>Col 7:44-50<br>Col 8:31-41, 47-Col 9:3<br><br>'927 File History<br>9/23/05 Office Action, e.g. pg 3<br>(DEPOACT0004894); 1/25/07 Amendment, e.g. pgs<br>17-18 (DEPOACT0005063 – 5064); 10/09/07 Office<br>Action, e.g. 5 (DEPOACT0005142); 2/6/08<br>Amendment, e.g. pg 20-21 (DEPOACT0005155<br>DEPOACT0005156); 5/9/2008 Amendment, e.g. pg<br>12 -13 (DEPOACT0005209 - 5210)<br><br>'989 Specification<br>10/26/10 Notice of Allowance, e.g. pg 3<br>(DEPOACT0005697)<br><br>**Extrinsic:**<br>Expert Testimony:<br>Dr. Harold Hopfenberg will provide a tutorial on the | |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, refers to the evidence cited with respect to the term "administration," and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | |
| 44 | **without loss in bioavailability as measured by the area under the curve (AUC*infinity*) as compared to the bioavailability which is** | *bioavailability as measured by the area under the curve (AUCinfinity) is at least 80% of an equal dose of gabapentin in an immediate release dosage form*<br><br>Intrinsic:<br>'756 Specification<br>Col 2:30-35<br>Col 10:50 - Col 12:48<br>Figure 2 | *"without any loss in bioavailability as measured by the area under the curve (AUCinfinity) as compared to the bioavailability which is achieved from an immediate release dosage form comprising the same dose of gabapentin"*<br><br>**Intrinsic:** |

| Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| **achieved from an immediate release dosage form comprising the same dose of gabapentin**<br><br>'756 patent, claims 1 (2-5, 12), 6(7-11) | File History<br>12/30/11 Amendment, e.g. pg 8 (DEPOACT0018596)<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>'756 patent, claims 1, 6<br><br>'332 patent, claims 1, 7, 12, 22-24<br><br>'756 Specification<br>Col 4:63-67<br>Col 1:53-62<br><br>'756 Specification<br>Col 2:24-35<br>Col 2:39-51<br>Col 1:49-62<br>Col 4:60- Col 5:2<br>Col 5:26-33<br>Col 5:38-42<br><br>'796 File History<br>8/31/11 Office Action, e.g. pg 4 (DEPOACT0018569)<br><br>Depomed also refers to all claims in the '927, '989, '756 and '332 Patents reciting "immediate release dosage form" and evidence cited re claim terms containing the phrase "immediate release dosage form"<br><br>**Extrinsic:** | Claim context, '756 patent, '756 patent file history, including without limitation:<br><br>'756 patent, Example 4 at col. 11, l. 41- col. 12, l. 32; Figure 2; '756 patent file history, Amendment dated Dec. 30, 2011 at 8; Notice of Allowability dated Mar. 28, 2012 at 3.<br><br>**Extrinsic:**<br><br>Sanford Bolton, Chapter 10: Statistics, in Remington: The Science and Practice of Pharmacy 94-127 (19th ed. 1995).<br>GRALISE_JDG_00002809 - 2844.<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "without loss in bioavailability as measured by the area under the curve ($AUC_{infinity}$) as compared to the bioavailability which is achieved from an immediate release dosage form comprising the same dose of gabapentin" to mean "without a statistically significant loss in bioavailability as measured by the area under the curve ($AUC_{infinity}$) as compared to the bioavailability which is achieved from a single oral immediate release dosage form of an equal dose of gabapentin." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit.  Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term.  Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Letter from Roger Williams to Carmen Catizone (April 16, 1997)<br><br>Therapeutic Equivalence of Generic Drugs Response to National Association of Boards of Pharmacy at 1-2.<br><br>FDA Guidance for Industry: Bioavailability and Bioequivalence Studies for Orally Administered Drug Products — General Considerations (October 2000) at 11, 21, 25<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>FDA Guidance for Industry: SUPAC-MR Modified Release Solid Oral Dosage Forms (September 1997) at pp. 31. (DEPOACT0114762 -114813 )<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued | |

| | Claim Term | Deposed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | December 20, 2006, and December 12, 2007.<br><br>Deposed also refers to evidence cited re claim terms containing the phrase "immediate release dosage form" | |
| 49 | **the ratio of the maximum plasma concentration to the plasma concentration at 15 hours after administration is no more than about 2**<br><br>'332 patent, claim 19 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br><br>'332 Specification<br><br>Figure 2<br>Col 2:30-35<br>Col 10:43 - Col 12:10<br><br>File History<br><br>10/11/11 Amendment, e.g. pg 6 (DEPOACT0113059)<br><br>To oppose Defendants' construction, Deposed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and the evidence cited regarding the claim term "administration"<br><br>'927 Specification<br><br>Col 1:60-64<br>Col 2:14-16, 44-48, 2:63-65<br>Col 3: 38-46<br>Col 4:3-5, 46-48<br>Col 5:21-26<br>Col 6:10-12, 17-28, 23-28<br>Col 7:21-27<br>Col 8:9-19, 8:24-50<br>Claim 10, 17 26, 33, 41 | *"the ratio of the maximum plasma concentration to the plasma concentration at 15 hours after providing [of the drug substance] to the body of a patient or mammal is no more than about 2"*<br><br>**Intrinsic:**<br><br>Claim context, '332 patent, '332 patent file history, including without limitation:<br><br>'332 patent, Example 4 at col. 11, ll. 25-60; Figure 2.<br><br>**Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "the ratio of the maximum plasma concentration to the plasma concentration at 15 hours after administration is no more than about 2" to mean "the ratio of the maximum plasma concentration at 15 hours after providing [of the drug substance] to the body of a patient or mammal is no more than about 2." |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | ‘989 Specification<br><br>Col 2:1-10, 22-24<br>Col 3:1-3, 43-53<br>Col 4:8-10, 51-53<br>Col 6:15-17, 28-33<br>Col 5:25-30<br>Col 7:27-33<br>Col 8:14-24, 8:31-55<br><br>‘756 Specification<br><br>Col 2:3-13, 25-27<br>Col 3:4-7, 46-56<br>Col 4:10-13, 53-55<br>Col 5:28-33<br>Col 6:18-20, 6:31-36<br>Col 7:44-50<br>Col 8:31-41, 47-Col 9:3<br><br>‘927 File History<br>9/23/05 Office Action, e.g. pg 3 (DEPOACT0004894); 1/25/07 Amendment, e.g. pgs 17-18 (DEPOACT0005063 – 5064); 10/09/07 Office Action, e.g. 5 (DEPOACT0005142); 2/6/08 Amendment, e.g. pg 20-21 (DEPOACT0005155 DEPOACT0005156); 5/9/2008 Amendment, e.g. pg 12 -13 (DEPOACT0005209 - 5210)<br><br>‘989 Specification<br><br>10/26/10 Notice of Allowance, e.g. pg 3 (DEPOACT0005697)<br><br>**Extrinsic:**<br><br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit.  Dr. Hopfenberg | |

|  | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
|  |  | will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term.  Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, the evidence cited regarding the claim term "administration" and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. |  |
| 50 | **wherein the time to reach maximum plasma concentration is at least 5.6 hours ±34.9%**<br><br>'756 patent, claims 3, 8; '332 patent, claims 2, 8, 13 | *Plain and ordinary meaning; does not require construction*<br><br>**Intrinsic:**<br><br>'756 Specification<br><br>Col 2:30-35<br>Col 10:50 - Col 12:48<br>Figure 2<br><br>'756 File History<br><br>12/30/11 Amendment, e.g. pg 8 (DEPOACT0018596)<br><br>To oppose Defendants' construction, Depomed | *"wherein the time to reach maximum plasma concentration is not less than 3.6 to 7.6 hours"*<br><br>**Intrinsic:**<br><br>Claim context, '756 patent, '756 patent file history, '332 patent, '332 patent file history, including without limitation:<br><br>'756 patent, col. 11, l. 56 - col. 12, l. 25; '332 patent, col. 11, ll. 40-54. |

| | Claim Term | Depomed Proposed Construction | Defendants' Proposed Construction |
|---|---|---|---|
| | | intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants and:<br><br>**'332 Specification**<br><br>Col 2:30-35<br>Col 10:43 - Col 11:69<br>Figure 2<br><br>**Extrinsic:**<br><br>Expert Testimony:<br><br>Dr. Harold Hopfenberg will provide a tutorial on the technology of the patents-in-suit. Dr. Hopfenberg will also explain by declaration the intrinsic and extrinsic evidence and how one of ordinary skill in the art would construe the claim term. Dr. Hopfenberg may also respond to and address evidence, opinions, and testimony asserted by Defendants in support of their proposed construction.<br><br>Judicial Authority:<br><br>August 3, 2012, Claim construction Order and Memorandum Opinion by Judge Pisano in case No. 3:11-cv-03553-JAP-TJB<br><br>To oppose Defendants' construction, Depomed intends to rely on at least its previously cited evidence, may rely on evidence cited by Defendants, and:<br><br>May 17, 2011, Order Construing Claims by Hon. Phyllis J. Hamilton, Case No. 09-5587 (N.D. Cal.); *see also* Claim Construction Orders by Hon. Charles R. Breyer, Case No. 06-00100 (N.D. Cal.) issued December 20, 2006, and December 12, 2007. | **Extrinsic:**<br><br>Dr. Anthony Lowman and/or other expert(s) may provide expert testimony that a person of ordinary skill in the art would understand the term "wherein the time to reach maximum plasma concentration is at least 5.6 hours ± 34.9%" to mean "wherein the time to reach maximum plasma concentration is not less than 3.6 to 7.6 hours." |

DM_US 41798614-2.082221.0018